Plaintiff, pro se, sues for payment for damage to his bee colonies pursuant to the Beekeeper Indemnity Payment Program, 7 U.S.C. § 284 note (1976), 7 C.F.R. §§ 760.100 et seq. (1982), administered by the Agricultural Stabilization and Conservation Service ( ascs), an agency of the Department of Agriculture ( usda). Plaintiff also demands punitive damages and a jury trial. Defendant has moved for summary judgment. We grant defendant’s motion.
Plaintiff is a beekeeper in Wisconsin and he claims that use of poisonous chemicals for economic purposes in his vicinity caused the loss of sizable numbers of his honey bees. Plaintiff filed two applications for payment in 1979 and 1980, respectively, for damage incurred during those years. The ascs county committee (Dane County), which was required to evaluate claims, approved the applications in the amounts of $19,770[1] and $10,395, respectively. These amounts were not paid by usda because of lack of funding of the program. See 7 C.F.R. § 760.119 (1979).
Plaintiff first filed suit in district court, but that action was dismissed without prejudice on the motion of the parties. Hoffland v. Beekeeper Indemnity Program, Civ. No. 80-C-190 (W.D. Wis., Oct. 31, 1980). Plaintiff then instituted the present action on November 16, 1981. As this action was filed, the named defendant was John R. Block, Secretary of Agriculture. The United States not objecting, we substitute it as the proper party.
Plaintiffs demands for a jury trial and for punitive damages (in the amount of $3,950,000) can be dispensed with summarily. Our jurisdiction consists primarily of the waiver by the United States of its sovereign immunity. The United States may condition its waiver of sovereign immunity, and it has done so by, among other things, authorizing neither jury trials nor punitive damage awards in this court. United States v. King, 395 U.S. 1, 4 (1969); Vincin v. *924 United States, 199 Ct. Cl. 762, 765, 468 F.2d 930, 932 (1972); 28 U.S.C. § 2505 (1976).
As to our jurisdiction over the underlying claim, the first principle to be applied is that our Tucker Act jurisdiction, 28 U.S.C. § 1491 (1976), is limited to those statutes which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.” Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967). We have held that a governmental program that is in the nature of a grant or gratuity cannot fairly be so interpreted under the Tucker Act. D. R. Smalley & Sons, Inc. v. United States, 178 Ct. Cl. 593, 598, 372 F.2d 505, 507-08, cert. denied, 389 U.S. 835 (1967). The Beekeeper Indemnity Payment Program was a grant and was implicitly contingent on the Government’s appropriation of funds for its continuance. See 7 C.F.R. § 760.119. Therefore, the Government is not liable for nonpayment due to lack of appropriations. Plaintiff had no contract, implied or express, with the Government which would create an obligation upon the Government to pay in spite of the failure to appropriate funds.
To the extent that plaintiffs petition alleges willful or negligent behavior on the part of the Government, causing damage to his bees, the claim sounds in tort and is likewise beyond our jurisdiction. 28 U.S.C. § 1491.
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that the United States is substituted as the defendant, defendant’s motion for summary judgment is granted, and the petition is dismissed.

 Plaintiffs original claim was for $20,122.50, which was reduced by the committee because of the date of certain damage. Plaintiff argues that the amount should not have been reduced. In view of our disposition of the case, the point is moot.