**Yancy P. JOHNSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 96–320C**

United States Court of Federal Claims.

July 2, 1998.

the statute the Government's actions are evaluated against.

Louis N. Hiken, San Francisco, CA, for plaintiff.

Armando 0. Bonilla, with whom were Joseph A. Kijewski, Assistant Director, David M. Cohen, Director, and Frank W. Hunger, Assistant Attorney General, U.S. Department of Justice, Civil Division, Washington DC, for defendant. CDR. Robert H. Shapler, Office of the Judge Advocate General, Department of the Navy, was of counsel.

### OPINION

SMITH, Chief Judge.

This case comes before the court on defendant's Motion to Dismiss or Motion for Judgment Upon the Administrative Record, to which plaintiff responded with an Opposition and Cross–Motion. A copy of the Administrative Record has been filed with the now completed briefing. There are no disputed facts, only a question of how Article 75(a) of the Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 875(a) (1994)) and the recent Federal Circuit decision in *Dock v. United States,* 46 F.3d 1083 (Fed.Cir.1995), apply to the facts of this case. Applying them to this case, the court finds that plaintiff's complaint must be DISMISSED.

### FACTS

On August 12, 1988, plaintiff Yancy P. Johnson enlisted in the reserve component of the United States Marines Corps. On March 7, 1989, plaintiff requested a discharge from the reserve component and enlisted in the Marine corps as a regular, at pay grade E–1.

On December 11, 1991, plaintiff was arrested for exposing himself to and stealing property from two female soldiers' barracks. On May 27, 1992, a court-martial convicted plaintiff on four counts: unauthorized absence, larceny, burglary, and indecent exposure. Plaintiff was accordingly sentenced to confinement for 36 months, forfeiture of pay and allowances, reduction in pay from E–3 to E–1, and given a bad conduct discharge. A convening authority approved these findings and the sentence on January 27, 1993, and, with the exception of the bad-conduct discharge, ordered the execution of the sentence. The administrative record of plaintiff's general court-martial trial was forwarded to the Office of the Judge Advocate General of the Navy for mandatory appellate review by the Navy–Marine Corps Court of Criminal Appeals (Court of Criminal Appeals).

On March 7, 1993, plaintiff's enlistment expired while he was serving his sentence of confinement. Over a year later, on March 24, 1994, the Court of Criminal Appeals set aside the convening authority's action due to two administrative clerical errors found in the convening authority's record of review: (1) a typographical error in the length of Mr. Johnson's unauthorized absence (lengthening it by one year), and (2) the staff judge advocate's failure to list in his written advice to the convening authority all of the awards Mr. Johnson was entitled to wear. Consequently, the Court of Criminal Appeals suspended further appellate review and returned plaintiff's record to the convening authority for a new staff judge advocate review and convening authority action. On June 29, 1994, plaintiff was released from confinement after having served 25 months and 2 days, and was placed on appellate leave [1] pending final appellate review of his bad conduct discharge by the Court of Criminal Appeals pursuant to 10 U.S.C. § 866. On August 24, 1994, the subsequent convening authority approved plaintiff's conviction and, with the exception

of the bad conduct discharge, ordered the same sentence. The Court of Criminal Appeals affirmed the second convening authority's findings and sentence on June 30, 1995, except with respect to the indecent exposure charge, which it dismissed. Sentence was thus (retroactively) reduced to 30 months from the original 36. Following the action of the Court of Criminal Appeals, the convening authority issued an order on January 29, 1996, directing the bad conduct discharge of plaintiff. Plaintiff remained on appellate leave until February 6, 1996, the day he was discharged from the Marine Corps. [2]

Plaintiff filed a complaint in this court, claiming entitlement to (1) "pay and allowances forfeited by plaintiff for the time period which elapsed between the initial imposition of the forfeitures and the date the convening authority imposed its new sentence [or] the date of plaintiff's release from confinement;" and (2) "pay and allowances forfeited for the six months during which he was confined beyond the reduced sentence imposed by the Court of Appeals' second and final decision."

## DISCUSSION

Article 75(a) of the UCMJ states:

Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

10 U.S.C. § 875(a) (1994). By the plain language of the statute, plaintiff Johnson should be entitled to restoration of that portion of his military benefits that were taken from him as a result of the indecent exposure portion of his conviction, because that "exe-

1. "Appellate leave" is a type of administrative leave given to a service member awaiting appellate review of a discharge ordered by a general court-martial. A service member on appellate leave is entitled to military benefits such as health care and commissary and exchange privileges, but not military pay and allowances.

2. The Navy Military Personnel Manual states that with respect to members on appellate leave, "[p]ay and allowances will terminate as of the date of the departure or date of expiration of accrued leave, as applicable." NMPM Ch. 12 5(d).

cuted part" of his conviction was set aside. "When Congress enacted Article 75(a), it addressed a singular circumstance, that of a member of the military service whose conviction and sentence are set aside, and who is re-convicted and re-sentenced for the same offense. In that singular circumstance, Congress has decreed that the executed part of the first sentence that is included in the second sentence remains in effect." *Dock*, 46 F.3d at 1093. Further, in enacting this provision, "Congress has declared that no restoration is made if a rehearing imposes the same forfeiture." 46 F.3d at 1088.

Article 75(a) and *Dock's* application thereof control the disposition of this case,[3] but there are two key factual distinctions between plaintiff's situation and plaintiff Dock's situation that the court must examine. First, no actual rehearing was ever ordered, though the Court of Criminal Appeals effectively ordered the first convening authority to correct the record.[4] Thus, a technical argument could be made that the first prerequisite under Article 75(a) for denying restoration of benefits is not satisfied. Second, plaintiff's sentence of forfeiture reimposed by the second convening authority did not cover the same period as the first sentence, but reduced the already-served sentence by 6 months.

In *Dock*, the Federal Circuit divided plaintiff's claim into three time periods, and ruled that he was not entitled to compensation or restoration of benefits for any of these three periods. A parallel division of plaintiff Johnson's case facilitates the application of *Dock's* holding to this case.

 The first period runs from the approval of Johnson's initial conviction, January 27, 1993, to the date on which enlistment expired, March 7, 1993. With respect to this period, "Congress has decreed in Article 75(a) that a forfeiture of pay ordered in a regularly constituted court-martial and executed by competent authority, even though the order is found later to be legally defective, can be related back by a subsequent court-martial that imposes a sentence in which the executed part is included." 46 F.3d at 1088. Defendant agreed that plaintiff was entitled to some compensation for this period, and in fact issued a check to plaintiff in the amount of $49.93 on August 9, 1995. Administrative Record (AR) at 306–07. This amount represented "the amount of pay and allowances due Mr. Johnson during this period as a result of the forfeiture reduction ordered by the Court of Criminal Appeals."[5] Def. Mot. to Dismiss at 12–13. Though plaintiff's principal claim is that he is due pay and allowances from January 27, 1993 to June 29, 1994 (the date of his release), *see* Pl. Opp. at 6–7, he nowhere specifically disputes that $49.93 is the correct amount due to him for this period. Defendant, in its briefing and by its payment of the stipulated sum to plaintiff, has in principle accepted plaintiff's entitlement to compensation for the period between execution of the initial sentence and expiration of the term of enlistment. This effective position is consistent with *Dock, supra,* because the action of the second convening authority, as modified by the Court of Criminal Appeals on March 24, 1994, did not include a portion of the initially executed sentence. That excluded portion cannot relate back to deprive plaintiff of his proportional entitlement. The court thus accepts defendant's contention that plaintiff's claims with respect to this "first period" are moot.

 The second period delineated by *Dock* corresponds to the period between March 7,

---

3. *See also Armstrong v. United States*, 121 F.3d 667 (Fed.Cir.1997) (affirming Dock's analysis and interpretation of the statute).

4. The court finds that, for purposes of statutory construction, the action of the Court of Criminal Appeals on March 24, 1994, setting aside the convening authority's action and suspending further appellate review pending correction of the record, was equivalent to an order of rehearing. In fact, the second convening authority reviewed plaintiff's conviction and sentence and approved it on August 24, 1994; an actual rehearing was unnecessary at that time because plaintiff had already been released from confinement (on June 29, 1994).

5. The Court of Criminal Appeals, in addition to reducing plaintiff's already-served term by 6 months, reduced plaintiff's forfeiture from "all pay and allowances" to $785.00 per month, which left a difference from January 27 to March 6, 1993 of $49.93. Def. Mot. to Dismiss at 7.

1993 and March 24, 1994, the period between the end of plaintiff's enlistment and the date when the action of the first convening authority was set aside, and plaintiff's record was sent back for correction of administrative errors. As the Federal Circuit stated in *Dock*, there is simply no basis in the statute for awarding plaintiff benefits for this period, assuming the following: "The sentence forfeiting all future pay ... was executed after the first court-martial; [and] that sentence of forfeiture, *covering the same period*, was reimposed after the second court-martial." 46 F.3d at 1090 (emphasis added). Here, though, plaintiff's facts diverge from those to which the statute was applied in *Dock*. The ultimate imposition of sentence after the review and appeal of the second convening authority's action removed 6 months (and some small portion of monthly pay) from the initial sentence of forfeiture. Whereas plaintiff Dock was "entitled to no pay and allowances for [his] second period of confinement [after the end of his enlistment]," plaintiff could be entitled to 6 months worth of pay and allowances, because a portion of his sentence was not *included* in the ultimately executed sentence. *See id.* In other words, because the forfeiture ultimately imposed was not the same as that originally executed, plaintiff could be credited for that portion not imposed.

Unfortunately for plaintiff, the facts in his case preclude any relief for this "second period." Plaintiff served 25 months and two days in confinement. His sentence was ultimately reduced to 30 months. He thus served less than his retroactively reduced sentence. In addition, his retroactively reduced sentence was not reduced to the point that he would have served time in confinement while still within his enlistment period. Given these facts, the imposition of a different forfeiture at the conclusion of plaintiff's appeals does not afford him any rights against the government. Unless plaintiff's

ultimate sentence had retroactively amounted to something less than 25 months and two days, plaintiff could not possibly maintain any action for pay or allowances. Under the circumstances, any credit plaintiff received retroactively from the government is meaningless because plaintiff served less time than the ultimately imposed 30 month sentence. Plaintiff is thus due no relief for the second period.

■ Plaintiff is also not entitled to any pay or allowances for the third period that *Dock* defined, between the final overturning of the initial sentence and the imposition of the second sentence, which for plaintiff corresponds to the time from March 24, 1994 to June 30, 1995 (the date of the Court of Criminal Appeals' partial affirmance of the second convening authority's action). The reason for this is simple: "If the accused is within his period of enlistment he is entitled to pay and allowances even though in confinement—no court martial has yet effectively ordered a forfeiture." *Dock*, 46 F.3d at 1091. Plaintiff, however, was well outside his period of enlistment during this "third period," and is thus due nothing for that time. Defendant's position on this issue is supported by the relevant Department of Defense regulations, specifically DODPM ¶ 10317c,[6] which provides that there is no entitlement to pay after enlistment expires unless a member has been acquitted, or the charges have been dismissed. The fact that plaintiff's conviction on one charge, that for indecent exposure, was completely overturned cannot alter the outcome of his claim with respect to this period of time. No authority supports the notion that plaintiff's sentence can be fragmented for purposes of placing him within the "unless" clause of the DOD regulations, and plaintiff's sentence was undisputedly not completely overturned. *See* Pl. Opp. at 15. "It is of no moment that it

---

6. The regulation states:
 c. Enlistment Expires Before Trial. An enlisted member retained in the service for the purpose of trial by court martial is not entitled to pay for any period after expiration of the enlistment unless acquitted or the charges are dismissed, or the member is retained in or restored to full-duty status.

DODPM ¶ 10317c. Subsection (j) further states that "[a] member confined pending appellate review or released on parole from confinement pending appellate review is not entitled to pay and allowances for such period unless the conviction is *completely* overturned or set aside." (emphasis added).

[¶ 10317c] covers only a part of the apparent scope of Article 75(a), which does not condition its application on the expiration of an enlistment. The rule, as far as it goes, enunciated in ¶ 10317c is fully consistent with the mandate of Article 75(a),". *Dock* at 1093. As this court has found that the actions of the second convening authority were functionally and legally equivalent to a rehearing and that plaintiff was not acquitted and the charges were not dismissed, this portion of plaintiff's claim must be denied.

## CONCLUSION

For the reasons set forth above, the court GRANTS defendant's Motion to Dismiss and for Judgment Upon the Administrative Record. Plaintiff is entitled to no other relief beyond the $49.93 previously forwarded to him by defendant in satisfaction of claims to compensation for the period between January 27 and March 7, 1993.

It is so ORDERED.