## HADLEY v. UNITED STATES.
### No. 46831.

Court of Claims.
June 3, 1946.

William Robert Hadley, in pro. per.

Irvin M. Gottlieb, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and JONES, LITTLETON, WHITAKER, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues for damages of $250,000 for false imprisonment. This is his second suit on the same cause of action. His first one was dismissed on demurrer for failure to allege a cause of action. This one must be dismissed for the same reason.

 Plaintiff says that the Constitution provides that no person shall be deprived of liberty without just compensation. His memory is inaccurate. The extent of the protection afforded by the Constitution is that a person shall not be deprived of his liberty "without due process of law," Amend. 5, but the Constitution does not make the Government pecuniarily liable for doing so. The extent of its pecuniary liability is set forth in the Act of May 24, 1938, c. 266, 52 Stat. 438, 18 U.S.C.A. § 729 et seq.

It seems plain that plaintiff does not and cannot bring himself within the terms of that Act. It renders the United States liable to the extent of $5,000 if on new trial, rehearing, or appeal, or as result of a pardon a person shall have been·proven not to have been guilty of a crime for which he was convicted, provided (1) it shall appear he did not commit any of the acts with which he was charged; and (2) that his conduct did not constitute a crime against the United States or against the sovereignty within which the acts were committed; and (3) that he had not negligently or wantonly contributed to bring about his arrest or conviction.

Not only must these facts appear, but they must appear in a certain way, that is, by a certificate of a court or a pardon containing a recital of these facts. The Act says that only such certificate or such a pardon, or certified copy thereof, is admissible to prove innocence. No such certificate nor such a pardon has been issued, as plaintiff's petition shows.

 He relies upon the order of the court in the habeas corpus proceedings; but, even if such an order would be sufficient in any event, the recitals of this one are not a sufficient compliance with the Act. It recites that the defendant's attorney admitted in writing that the indictment under which plaintiff was sentenced "failed to charge an offense against the United States"; but it does not recite, as the Act requires, that plaintiff did not commit any of the acts with which he was charged and

that his conduct did not constitute a crime or offense against the laws of the State of Texas, within which the acts are alleged to have been committed. It is mandatory that the "certificate of the court" should contain these recitals. The Act says that it is the only evidence admissible to prove these things, and proof of them is necessary to render the defendant liable. Cf. Prisament v. United States, 92 Ct.Cl. 434; Viles v. United States, 95 Ct.Cl. 591, certiorari denied, 317 U.S. 629, 63 S.Ct. 45, 87 L.Ed. 508.

Plaintiff, therefore, does not and cannot bring himself within the terms of the Act. We do not decide whether or not an order in habeas corpus proceedings which contains the necessary recitals would be a sufficient compliance with the Act.

Defendant's demurrer is sustained and plaintiff's petition will be dismissed. It is so ordered.

JONES and LITTLETON, Judges and WHALEY, Chief Justice, concur.

MADDEN, Judge, took no part in the decision of this case.