## JAMES J. STEVINSON v. UNITED STATES.
## STEVINSON v. SAME.
## 3-H SECURITIES CO. v. SAME.
### Nos. 46265, 46331, 46332.
Court of Claims.

March 1, 1948.

Edward F. Treadwell, of San Francisco, Cal. (Treadwell & Laughlin, of San Francisco, Cal., on the brief), for plaintiffs.

Ralph S. Boyd, of Washington D. C., and A. Devitt Vanech, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

## EKBERG v. UNITED STATES.
### No. 48044.

Court of Claims.

March 1, 1948.

James Nels Ekberg, in pro per.

John R. Franklin, of Washington, D.C., and Herbert A. Bergson, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

Plaintiff sues for damages and "just compensation" for his alleged illegal imprisonment in the custody of the defendant. The defendant has demurred to the petition on the ground that it does not state a cause of action. On this ground the demurrer must be sustained.

Plaintiff's petition in forma pauperis makes the following allegations of fact:

On August 27, 1946, he was taken into custody in the District of Kansas by order of a Capias Warrant issued by the United States District Court, First Division, San Juan, Puerto Rico, for a probation violation. He was held imprisoned from August 27 to October 14, 1946, without bond and without being removed to the District of Puerto Rico. On the latter date, after a hearing upon an amended petition for habeas corpus, he was released on his own recognizance until further order of the court, according to the court's order, a copy of which is attached to the Petition as Exhibit A.

Subsequent to the above events, on November 15, 1946, the United States Marshal from Puerto Rico removed the plaintiff to the District of Puerto Rico. The petition does not so state, but it implies that plaintiff was then sentenced to imprisonment by the Judge of the United States District Court for the District of Puerto Rico. Plaintiff applied to that court for allowance to his credit of the previous period of imprisonment of forty-eight days. Such request was not allowed.

Plaintiff says that the period of his imprisonment prior to his removal to Puerto Rico was without the due process of law of the Fourteenth Amendment to the Constitution of the United States, for which he claims he is enitled "just compensation."

In considering this proposition in another illegal imprisonment case, Hadley v. United States, 66 F.Supp. 140, 141, 106 Ct. Cl. 819, at page 820 this court said in its opinion:

"The extent of the protection afforded by the Constitution is that a person shall not be deprived of his liberty 'without due process of law,' amend., 5, but the Constitution does not make the Government pecuniarily liable for doing so. The extent of its pecuniary liability is set forth in the Act of May 24, 1938, c. 266, 52 Stat. 438, 18 U.S.C.A. § 729 et seq."

This statute renders the United States liable to the extent of $5,000 if on new trial, rehearing or appeal or as a result of a pardon a person shall have been proven

not to have been guilty of a crime for which he was convicted and imprisoned. There are additional conditions and requirements of the statute, but the requirements just noted are basically required for the bringing of suit.

█ It is perfectly apparent the plaintiff does not and cannot bring himself within the terms of that Act. His petition is defective in that it fails to show that by reason of an acquittal or pardon he has been proven not guilty of a crime for which he has been convicted and imprisoned. The allegation of his imprisonment of forty-eight days from August 27 to October 14, 1946, does not show that such imprisonment was the result of his conviction of a crime or offense against the United States. Nor is there any allegation that his release from such imprisonment followed a finding that he was not guilty of any crime.

█ The other requirements of the 1938 Act would effectively bar plaintiff's claim. They are as follows: 18 U.S.C.A. § 730:

"The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, and such certificate of the court, pardon, or certified copy of a pardon shall contain recitals or findings that—

"(a) Claimant did not commit any of the acts with which he was charged; or

"(b) that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and

"(c) that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction."

In Hadley v. United States, supra, the plaintiff relied upon an order of court in a habeas corpus proceedings, the recitals of which were found insufficient to comply with the requirements of the Act. The Act says that the facts of plaintiff's innocence must appear in a certificate of the court in which the person was adjudged not guilty or a pardon or certified copy of a pardon containing certain recitals or findings. These recitals or findings are the only evidence admissible to meet the requirements of the statute and proof of them is absolutely necessary.

This petition is devoid of any such allegations and it is clear that the court's order in the habeas corpus proceedings attached as Exhibit A of the petition does not purport to pass on the guilt or innocence of the plaintiff.

█ It is apparent, therefore, that plaintiff's petition does not state a cause of action within the 1938 Act. It does appear that the petition attempts to state an instance of false arrest and imprisonment in connection with which jurisdiction to undertake such suits has not been given to the Court of Claims. While Congress has given original jurisdiction to the District Courts of the United States to hear tort cases in limited situations, even there it has excluded actions for false arrest and imprisonment. Title IV, Sec. 420 of Public Law 601, 79th Cong. 2d Sess., 60 Stat. 842, 28 U.S.C.A. § 942.

As this Court said in Prisament v. United States, 92 Ct. Cl. 434, at page 437:

"* * * It may seem to the plaintiff that relief is denied him by reason of a technicality, but we have no discretion in the matter and must proceed in accordance with the law. Congress alone can relieve the plaintiff from the hardship of his situation, and to that body rather than the Court of Claims plaintiff should present his appeal."

The demurrer must be sustained and the petition dismissed. It is so ordered.