George **V. VINCIN**

v.

**The UNITED STATES.**

No. 98–72.

United States Court of Claims.

Nov. 10, 1972.

---

3. The shipments in question did not occur until 1964. *See* 437 F.2d at 1366, 194 Ct.Cl. at 324.

George V. Vincin, pro se.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. Harlington Wood, Jr., for defendant.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

PER CURIAM:

This case comes before the court without oral argument on defendant's motion to dismiss, filed June 26, 1972, which has been answered by plaintiff, and to which answer defendant has replied. Defendant's motion, pursuant to Rule 38(b), asserts that the court lacks jurisdiction in this case because the 6-year statute of limitations has expired since the time the claim first accrued. 28 U.S.C. § 2501. The issue to be resolved is a legal one.

Plaintiff *pro se* petitions for recovery, with interest, of the pay and allowances he would have received from the United States Army but which he lost due to imprisonment on a charge for which he was subsequently pardoned. In addition, he seeks $500,000 in punitive and exemplary damages. The action was commenced on June 17, 1971, by the filing of a complaint in the United States District Court (S.D.Tex.) but which was transferred to this court (28 U.S.C. § 1406(c)) where a petition was filed on April 27, 1972.

Plaintiff, while serving in the United States Army (ASN 6 262 590), was convicted by general court-martial at Fort Clark, Texas, of violation of the 93d Article of War and on March 31, 1938, was sentenced to a dishonorable discharge from the service, imprisonment for a period of 5 years and total forfeiture of all pay and allowances. He was discharged on June 6, 1938, and on June 30, 1938, commenced the serving of his sentence in the federal penitentiary at Leavenworth, Kansas. Eventually he was transferred to the prison at Springfield, Missouri, and was finally discharged by expiration of his sentence on March 30, 1943.

The court-martial at Fort Clark was apparently tainted by the denial of plaintiff's constitutional right to testify in his own behalf and by the perjury of key witnesses who later repudiated their testimony. As a result, the Secretary of the Army, in 1953, granted plaintiff a general discharge under honorable conditions, retroactive to June 6, 1938. Upon further consideration, plaintiff was given an honorable discharge in 1958, also backdated to June 6, 1938. This was followed on June 29, 1966, by a full and unconditional pardon granted by President Lyndon B. Johnson.

Defendant alleges, first, that the latest date on which plaintiff could have filed any valid claim would have been June 6, 1944—6 years after the court-martial. Defendant additionally urges that, since claims for punitive and exemplary damages are based in tort, the provisions of 28 U.S.C. § 1346(b) giving the district courts exclusive jurisdiction thereof excludes action here. Disposing of the latter contention first, it does appear that plaintiff's complaint is partially based on a claim of false imprisonment. Such a claim sounds in tort and is outside our jurisdiction. Grayson v. United States, 141 Ct.Cl. 866, 868 (1958); 28 U.S.C. § 1491. Indeed, no court of the United States has jurisdiction of a tort claim for false imprisonment or abuse of process. 28 U.S.C. § 2680(h). In addition, the $500,000 portion of the claim is based on punitive damages which are not available in tort suits against the United States. 28 U.S.C. § 2674. This portion of the plaintiff's claim clearly must be dismissed. There remains the question of entitlement to back pay and, though plaintiff does not plead it, his possible recovery pursuant to 28 U.S.C. §§ 1495, 2513, the unjust conviction statute.

If plaintiff had a cause of action for back pay it would have been from June 6, 1938, the date of discharge, to 1953, the year he was given a valid general discharge. Shaw v. United States, 357 F.2d 949, 174 Ct.Cl. 899 (1966). But, that is 18 years before plaintiff's first petition for judicial relief. Whatever optional administrative remedies plaintiff may have pursued in the interim, if any, would not, of course, toll the statute. Mathis v. United States, 391 F.2d 938, 183 Ct.Cl. 145 (1968), aff'd on

rehearing, 421 F.2d 703, 190 Ct.Cl. 925 (1970). The latter case also is authority for the proposition that a claim for illegal discharge accrues all at once upon plaintiff's removal from military service.

Assuming, only for discussion, that plaintiff had a cause of action for back pay dated from his last and honorable discharge finally granted in 1958 (although it was, in fact, backdated to June 6, 1938), he would still be barred by the 6-year statute of limitations expiring in 1964, long before his petitions for judicial relief in 1971 and 1972. However, this court has refrained from stretching the statute of limitations in an illegal discharge case so that it would commence to run not from the date of discharge but from the date of some subsequent decision illustrating its illegality. O'Callahan v. United States, 451 F.2d 1390, 196 Ct.Cl. 556 (1971).

Brief mention will now be made of the unjust conviction statute, 28 U.S.C. §§ 1495, 2513, although it has not been pleaded. Plaintiff cited only 28 U.S.C. § 1491, this court's general jurisdictional statute. The unjust conviction statute has always been strictly construed. Osborn v. United States, 322 F.2d 835 (5th Cir. 1963); Smith v. United States, 168 Ct.Cl. 242 (1964); Roberson v. United States, 124 F.Supp. 857, 129 Ct.Cl. 581 (1954), cert. denied, 349 U.S. 954, 75 S.Ct. 883, 99 L.Ed. 1279 (1955); Roberts v. United States, 126 Ct.Cl. 947 (1953); Weiss v. United States, 91 F.Supp. 742, 120 Ct.Cl. 1 (1950); Ekberg v. United States, 76 F. Supp. 99, 110 Ct.Cl. 267 (1948); Hadley v. United States, 66 F.Supp. 140, 106 Ct.Cl. 819 (1946), cert. denied, 329 U.S. 815, 67 S.Ct. 635, 91 L.Ed. 695 (1947); Viles v. United States, 95 Ct.Cl. 591, cert. denied, 317 U.S. 629, 63 S.Ct. 45, 87 L.Ed. 508 (1942); Prisament v. United States, 92 Ct.Cl. 434 (1941). Plaintiff in the instant case has neither alleged nor complied with the requirements of the statute and cannot prevail in this case. Without the recitals specified by the statute (innocence as certified by the pardon or certificate of the appropriate court, etc.) plaintiff's pardon creates no cause of action. It is an act of executive grace, no more.

Upon consideration of the moving papers aforesaid, and the established precedents, the court is of the opinion that the claim must be denied. Therefore, defendant's motion to dismiss is granted and the petition is dismissed.