"This pro se case is before the court, without oral argument, on the defendant’s motion to dismiss. The plaintiff, a federal prisoner, alleges that he was transferred to Lewisburg Penitentiary, Lewisburg, Pennsylvania, on October 16, 1976, and that personal property belonging to him was improperly withheld and intentionally destroyed by certain prison officials. He also alleges other violations of his rights under the 1st, 4th, 8th, and 14th amendments resulting from the withholding of his mail, the revelation to a fellow inmate of the contents of a letter by him to the F.B.I., the endangerment of his life resulting from that and other acts, the imposition of cruel and unusual punishment because of a lack of showers and the inability to make telephone calls, and other forms of harassment by prison officials.
"This court has no jurisdiction under 28 U.S.C. § 1491 (1970) over claims sounding in tort such as plaintiffs claims all appear to be. Vincin v. United States, 199 Ct. Cl. *1031 762, 765, 468 F.2d 930, 932 (1972); Clark v. United States, 198 Ct. Cl. 593, 597, 461 F.2d 781, 783, cert. denied, 409 U.S. 1028 (1972); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 663, 428 F.2d 1241, 1249 (1970). Nor is there any other ground on which this court could grant relief. In order for the Government to be liable for the eminent domain taking of property by the United States, the officer taking the property must be authorized to do so. Cf. United States v. North American Transportation & Trading Co., 253 U.S. 330, 333 (1920); Eyherabide v. United States, 170 Ct. Cl. 598, 606, 345 F.2d 565, 570 (1965). Nothing appears here to suggest that any eminent domain taking was authorized. Likewise, claims under amendments to the Constitution which do not in themselves grant a right to the payment of money are beyond the limits of this court’s jurisdiction. United States v. Testan, 424 U.S. 392, 401-02 (1976); Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F.2d 1002, 1007 (1967).
"it is therefore ordered and concluded that the defendant’s motion to dismiss is granted and that the plaintiffs petition is dismissed.*”

 It follows from our disposition of the case that plaintiffs Motion to Compel Discovery, received by the Clerk on January 11, 1978, is denied.