This pro se action is before the court on defendant’s motion to dismiss for lack of jurisdiction. Defendant contends that the statute of limitations has run on this cause of action and that the cause is therefore barred under 28 U.S.C. § 2501 (1976).[1] Defendant also contends that certain of plaintiffs claims sound in tort and are therefore outside the jurisdiction of this court granted by 28 U.S.C. § 1491 (1976). We agree.
*652 Plaintiff brings this breach of contract claim to recover damages in the amount of $999,999,000 for the alleged failure of the United States Army to honor certain contracts with plaintiff. Plaintiff alleges that he designed jets, rockets, missiles, submarines, and aircraft carriers for the Army for which he was never paid. He further alleges that he entered into at least one contract with the Army in 1958, although any further details of any of the contracts are not recited in the petition. Plaintiff also alleges that he received no payment for designs of food stamps, automobiles, trucks, buildings, towers, homes, schools, safety equipment, and business pamphlets. However, the identity of the parties for whom plaintiff allegedly executed these designs and the content of any contracts involved cannot be determined from the face of the petition or from subsequent submissions of plaintiff. Plaintiff was honorably discharged from the Army in 1959.
This court lacks jurisdiction to hear a claim which is not filed within 6 years after the claim first accrues. 28 U.S.C. § 2501 (1976); Soriano v. United States, 352 U.S. 270, 273-74 (1957). Since plaintiff was discharged from the Army in 1959, and he apparently entered into at least one contract in 1958, his claim for breach of contract accrued during those years. Plaintiff did not file suit in this court until approximately 20 years had passed. His claim is barred by the statute of limitations. 28 U.S.C. § 2501 (1976).
Plaintiffs petition also contains certain vague allegations that plaintiff was drugged while in the Army and was subject to beatings, drugging, and false arrest at the hands of certain sheriffs deputy. As these are claims sounding in tort, they must be dismissed. This court has no original jurisdiction over such claims. 28 U.S.C. § 1491 (1976); Vincin v. United States, 199 Ct. Cl. 762, 468 F.2d 930 (1972).
it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed for lack of jurisdiction.

 "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.”