PLAGER, Circuit Judge.
 

 Jimmy N. Armstrong appeals the judgment of the United States Court of Federal Claims, No. 92-53C, dismissing his complaint for failure to state a claim for which relief can be granted. Armstrong sued for back pay and allowances from the Army for certain periods of time while he was incarcerated following a court-martial conviction. We affirm the decision of the trial court.
 

 BACKGROUND
 

 Armstrong originally enlisted in the Army in 1966. His final enlistment was on January 4, 1983, for a period of six years ending on January 3,1989. On January 22,1988, Armstrong was convicted, by general court-martial, of sodomy, assault, indecent assault, and indecent liberties in violation of the Uniform Code of Military Justice (“UCMJ”). His sentence provided that he would be: (1) reduced in grade to E-l, from E-7; (2) confined for 10 years; and (3) dishonorably discharged from the service. On April 19,1988, the convening authority approved the sentence and, except for the dishonorable discharge, the sentence was executed. While incarcerated, Armstrong received pay at the grade of E-l.
 

 On March 30, 1990, the United States Army Court of Military Review reversed the findings on the sodomy and indecent assault charges, set aside the sentence, and affirmed the remaining findings of guilty.
 
 United States v. Armstrong,
 
 30 M.J. 769 (A.C.M.R. 1990). The court authorized a rehearing on the sodomy charge and the sentence, but dismissed the indecent assault charge.
 
 Id.
 
 On April 18, 1990, pending rehearing, Armstrong was restored to full duty status, and began receiving pay and allowances at the grade of E-7.
 

 On August 29,1990, Armstrong was reconvicted on the sodomy charge and his original sentence was reinstated. Pursuant to the reconviction, and because his term of enlistment had already expired, Armstrong’s pay and allowances ceased. On November 21, 1990, the convening authority approved the sentence and, except for the part of the
 
 *668
 
 sentence extending to a dishonorable discharge, the sentence was executed. The Army Court of Military Review affirmed the findings and sentence of the rehearing on November 26,1991.
 

 On February 25, 1993, the United States Court of Military Appeals set aside the finding of guilty to the charge of sodomy, dismissed that charge and specification, and set aside the sentence.
 
 United States v. Armstrong,
 
 36 M.J. 311 (C.M.A1993). The court authorized the Army Court of Military Review to reassess the sentence, based upon the remaining findings of guilty. On remand, on April 29, 1993, the Army Court of Military Review affirmed that portion of the sentence providing for dishonorable discharge, reduction to grade E-l, and confinement for six years, which reduced the period of confinement from ten years in the original sentence. On October 29,1993, the Court of Military Appeals affirmed this decision.
 
 United States v. Armstrong,
 
 39 M.J. 74 (C.M.A.1993). Armstrong was released from prison on May 12, 1993, and dishonorably discharged from the Army on January 28, 1994.
 

 On January 27,1992, while incarcerated in the United States Disciplinary Barracks at Fort Leavenworth, Kansas, Armstrong filed a complaint in the Court of Federal Claims. Armstrong requested the court to order the Secretary of the Army to take the following actions: (1) restore pay and allowances in the pay grade of E-7 for the period from April 19,1988 (the date the first court-martial sentence was approved and executed) to April 18,1990 (the date Armstrong was restored to duty pending rehearing); (2) restore pay and allowances from August 28, 1990 (the date of Armstrong’s second court-martial conviction) to November 21, 1990 (the date the second court-martial sentence was approved and executed); and (3) pay Armstrong during his confinement until a certificate of discharge is delivered. The Court of Federal Claims stayed this case pending this court’s decision in
 
 Dock v. United States, 46
 
 F.3d 1083 (Fed. Cir.1995). By Order dated November 28, 1995, the Court of Federal Claims dismissed Armstrong’s complaint, citing
 
 Dock.
 
 Judgment was issued on December 6, 1996 and this appeal followed.
 

 DISCUSSION
 

 Armstrong claims a right to reimbursement of pay and allowances not paid by the Army during three time periods: (1) from April 19, 1988 (the date the initial conviction was approved and executed) to January 3, 1989 (the date Armstrong’s enlistment expired); (2) from January 4,1989 to March 30, 1990 (the date the Army Court of Military Review set aside the sentence and authorized a rehearing); and (3) from August 29, 1990 (the date of Armstrong’s reconviction) to January 28, 1994 (the date of Armstrong’s dishonorable discharge)
 
 [1]
 
 We conclude that Armstrong is not entitled to additional pay and allowances for any of these time periods, based on Article 75(a) of the UCMJ, 10 U.S.C. § 875(a) (1994), as interpreted in
 
 Dock.
 

 Article 75(a) of the UCMJ provides:
 

 Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored
 
 unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.
 

 10 U.S.C. § 875(a) (emphasis added).
 

 In
 
 Dock
 
 an Army private was convicted by a court-martial of murder. His sentence included forfeiture of all pay and allowances. The conviction and sentence were set aside on appeal, and remanded for rehearing. He was then convicted a second time, and resentenced. The second sentence also included forfeiture of all pay and allowances.
 
 Dock,
 
 46 F.3d at 1084. In determining that Dock was not entitled to restoration of the pay and allowances withheld as a consequence of the first, defective, trial, the court explained the “quite plain” meaning of the statute:
 

 
 *669
 
 In the case before us, the second exception in the statute clearly applies — a member has been convicted and sentenced to total forfeiture of pay and allowances; the sentence has been executed; there has been a rehearing which resulted in a conviction and resentencing that included the same total forfeiture. Members have a statutory right to their pay, but that right is the creation of Congress, and it is subject to the conditions Congress chooses to put upon it. Congress has declared that
 
 no restoration is made if a rehearing reimposes the same forfeiture.
 

 Dock,
 
 46 F.3d at 1088 (emphasis added).
 

 On appeal, Armstrong argues that his case is distinguishable from
 
 Dock
 
 because Dock was sentenced to
 
 total
 
 forfeiture of pay and allowances but Armstrong’s sentence included only
 
 partial
 
 forfeiture of pay and allowances (a reduction to grade E-l from grade E-7). This is a distinction without a difference. Armstrong was sentenced to forfeiture of pay and allowances, whether total or partial; the sentence was executed; upon rehearing Armstrong’s sentence included the same forfeiture. Under Article 75(a), no restoration of pay and allowances is made because the rehearing sentence included the same forfeiture.
 

 This case differs from
 
 Dock
 
 in one respect. In
 
 Dock,
 
 after Dock’s initial conviction was set aside, which occurred after Dock’s enlistment period ended, Dock was held by the Army pending trial, and did not receive any pay and- allowances during this period.
 
 Dock,
 
 46 F.3d at 1090. We held that the Court of Federal Claims was correct in determining that Dock was not entitled to any pay for this period.
 
 Id.
 
 at 1093. In the present case, Armstrong was returned to full duty status by the Army while he was waiting for rehearing (April 18, 1990 to August 28, 1990). Armstrong received pay and allowances for grade E-7 during this time period. In all other respects
 
 Dock
 
 is directly on point and governs the outcome of this case. We have considered Armstrong’s other arguments on appeal and find them to be unpersuasive.
 

 CONCLUSION
 

 Accordingly, we affirm the decision of the Court of Federal Claims, dismissing Armstrong’s complaint.
 

 COSTS
 

 Each party to bear its own costs.
 

 AFFIRMED.
 

 [1]
 

 . The briefs filed by Armstrong and the Government disagree on some of the dates defining these time periods. These differences are not material to the outcome of the case.