Charles W. BROWN, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 98–102C.

United States Court of Federal Claims.

Sept. 15, 1998.

Charles W. Brown. Jr., Ft. Leavenworth, KA, plaintiff, pro se.

William G. Kanellis, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant. Captain JoAnne Tetreault, United States Army Litigation Division, Arlington, VA, of counsel.

## ORDER

MILLER, Judge.

Presenting the issue whether plaintiff is entitled to pay and allowances for the period during which action on his court-martial sentence was set aside, even though his conviction was not disturbed, this case is before the court after briefing on defendant's motion to dismiss pursuant to RCFC 12(b)(4) or, in the alternative, for summary judgment pursuant to RCFC 56. Argument is deemed unnecessary.

## FACTS

Pursuant to a general court-martial, Charles W. Brown, Jr. ("plaintiff"), a Specialist with the United States Army, was convicted of rape in violation of what is now 10 U.S.C. § 920 (1994 & Supp. II 1996). Consequently, plaintiff was sentenced on December 4, 1992, to 15 years' confinement, forfeiture of all pay and allowances, demotion to the grade of Private E1, and a dishonorable discharge. On February 17, 1993, the convening authority executed an action approving plaintiff's entire sentence with the exception of that portion mandating a dishonorable discharge. The Department of the Army thereafter notified plaintiff that he was no longer entitled to receive pay or allowances. On January 11, 1994, the United States Army Court of Criminal Appeals (formerly known as the United States Court of Military Review) affirmed both the findings of fact and sentence.

The United States Court of Appeals for the Armed Forces affirmed the findings of the United States Army Court of Criminal Appeals, but set aside the convening authority's action. *United States v. Brown*, 43 M.J. 187, 190 (C.A.A.F.1995). As a result, plaintiff's case was remanded "for consideration of the post-trial [clemency] submission and for issuance of a new action on the sentence," which was then subject to further review. *Id.* On March 25, 1996, plaintiff's sentence was approved by the second convening authority, which executed the entire sentence save that portion regarding the dishonorable discharge. Upon further review pursuant to Article 66(c) of the Uniform Code of Military Justice, 10 U.S.C. § 866(c), the United States Army Court of Criminal Appeals, finding the sentence correct in both law and fact, affirmed the action of the second convening authority on September 27, 1996. On February 26, 1997, the United States Court of Appeals for the Armed Forces affirmed this decision in a summary disposition. *United*

*States v. Brown,* 46 M.J. 371, 372 (C.A.A.F. 1997). Subsequently, the United States Supreme Court denied plaintiff's petition for writ of certiorari. *Brown v. United States,* —— U.S. ——, 118 S.Ct. 124, 139 L.Ed.2d 75 (1997).

Plaintiff's complaint in the Court of Federal Claims alleges entitlement to forfeited pay and allowances from August 29, 1994, to March 25, 1996, which represents the time between expiration of his term of service to the second convening authority's action.[1] The basis of plaintiff's claim is that he was held over for the convenience of the Government after his case was set aside by the decision of the United States Court of Appeals for the Armed Forces. Relying upon 10 U.S.C. §§ 857, 864, and pay provisions of the Department of Defense Financial Management Regulation, vol. 7A, ch. 48 (1996), plaintiff contends that pay and allowances were due until the execution of his sentence by the second convening authority and, moreover, that it was error to withhold his pay and allowances during the period of time prior to the action of the second convening authority in light of the original convening authority's action being set aside.[2] Plaintiff notes that he did not receive a new hearing and maintains that the action of the convening authority, having been set aside for legal error, was "of no force and effect." Comp. filed Feb. 9, 1998, ¶ 15. Defendant strongly contests plaintiff's assertions that his conviction and/or sentence were ever set aside and argues that plaintiff is unable to state a claim under these statutory provisions for which relief can be granted.

## DISCUSSION

■ A complaint will be dismissed pursuant to RCFC 12(b)(4) for failure to state a cause of action only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted)); *accord Mostowy v. United States,* 966 F.2d 668, 672 (Fed.Cir.1992). In ruling on defendant's motion to dismiss, all factual assertions are assumed to be true, and all inferences are construed in the light most favorable to plaintiff. *See Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. Although a less stringent standard is applied when plaintiff chooses to proceed *pro se, see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), plaintiff must establish jurisdiction in order to prevail.

■ The United States Court of Federal Claims has jurisdiction to entertain claims for back pay when provided for by statute, regulation, or constitutional provision. *See* 28 U.S.C. § 1491(a)(1) (1994); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *Holley v. United States,* 124 F.3d 1462, 1465–67 (Fed.Cir. 1997). Plaintiff asserts his claim for back pay under a theory of unjust conviction pursuant to 28 U.S.C. § 1495 (1994). *See generally Vincin v. United States,* 199 Ct.Cl. 762, 765–66, 468 F.2d 930, 932–33 (1972) (discussing requirements of unjust conviction statute).

1. *Motion to dismiss claim under 28 U.S.C. § 1495*

■ 28 U.S.C. § 1495 provides that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." This statute must be read in conjunction with 28 U.S.C. § 2513 (1994), which provides, in pertinent part:

(a) Any person suing under section 1495 of this title must allege and prove that:

---

1. Notably, plaintiff did request, and was issued, back pay and allowances for that period of time between the original convening authority's action and the expiration of his term of service—February 17, 1993, to August 29, 1994. This payment forms the basis of defendant's counterclaim because defendant contends that this issuance was in error.

2. Prior to the 1996 amendment, 10 U.S.C. § 857(a) provided: "No forfeiture may extend to any pay or allowances accrued before that date on which the sentence is approved by the person acting under section 860(c) of this title (article 60(c))."

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

These statutes are to be strictly construed. *See Vincin*, 199 Ct.Cl. at 766, 468 F.2d at 933.

■ Although all inferences must be taken in the light most favorable to the non-movant for purposes of this motion, plaintiff reveals a fundamental misunderstanding of the legal terminology that he seeks to employ in pursuit of his claim. Plaintiff fails to recognize the distinct differences among a criminal conviction, the sentencing procedure, and the approval or execution of that sentence. Specifically, plaintiff errs in equating the determination setting aside the action of the original convening authority on his sentence with the concept of setting aside a conviction. In this regard, it is significant that the United States Court of Appeals for the Armed Forces expressly affirmed the findings of fact in plaintiff's case and merely set aside the action on plaintiff's sentence for the consideration of clemency submissions. Even though plaintiff steadfastly clings to the belief that his conviction and sentence were set aside, thus entitling him to a new hearing, the express language of this determination establishes that neither a new trial nor rehearing was required or ordered. *Cf. Cowden v. United States*, 220 Ct.Cl. 490, 499, 600 F.2d 1354, 1359 (1979) (holding that plaintiff was entitled to recover pay having been held for convenience of Government "if the original conviction is invalidated and either no new trial occurs, or one does occur and results in acquittal").

■ In order to fall within the plain language of the statute, plaintiff was required to produce either "a certificate of the court or pardon" indicating his innocence and/or that his acts did not constitute a crime against the United States. 28 U.S.C. § 2513(b).[3] Plaintiff did not produce either document, and the court is prohibited from receiving other evidence in this regard. *See Id.* Thus, as plaintiff is unable to demonstrate that his conviction has been reversed or set aside on the grounds of innocence,[4] he has failed to meet the threshold for any potential recovery under these statutory provisions. *See Vincin*, 199 Ct.Cl. at 766, 468 F.2d 930. Having failed to fulfill the statutory requirements, plaintiff cannot withstand defendant's motion to dismiss his claim based on 28 U.S.C. § 1495.[5]

2. *Motion for summary judgment based on 10 U.S.C. § 875(a)*

■ A motion to dismiss pursuant to RCFC 12(b)(4) for failure to state a cause of action requires a determination on the merits. *See Do–Well Machine Shop. Inc. v. United States*, 870 F.2d 637, 639–40 (Fed.Cir. 1989). Additionally, because both parties relied on materials outside of the pleadings,

**3.** While there has been some discussion regarding the conjunctive or disjunctive manner in which the statutory provisions are to be read, a decision in that regard is unnecessary because it is irrelevant to the disposition of the present case. *Compare Hadley v. United States*, 106 Ct. Cl. 819, 820, 66 F.Supp. 140, 141–42 (1946), *with Osborn v. United States*, 322 F.2d 835, 841 (5th Cir.1963).

**4.** Although not relevant to this determination, binding precedent dictates that plaintiff must not only establish that his conviction was reversed or set aside, but also that such reversal was mandated upon a finding that plaintiff was innocent of the crimes charged. *See Vincin*, 199 Ct.Cl. at 766, 468 F.2d at 933; *Ekberg v. United States*, 110 Ct.Cl. 267, 269–70, 76 F.Supp. 99, 100–01 (1948).

**5.** After briefing concluded on defendant's motion, plaintiff moved for judgment on the pleadings. The motion has been carefully considered as a cross-motion and is denied due to the grant of defendant's motion.

defendant's motion properly is treated as one for summary judgment and will be disposed of pursuant to RCFC 56. *See Thoen v. United States,* 765 F.2d 1110, 1113–14 (Fed. Cir.1985).[6]

█ Although plaintiff asserts that the provisions of 10 U.S.C. §§ 857, 860, 864 (1994), are controlling, the dispositive statutory provision is enunciated in 10 U.S.C. § 875(a), which provides:

(a) Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

This provision has recently been interpreted in *Armstrong v. United States,* 121 F.3d 667 (Fed.Cir.1997), and *Dock v. United States,* 46 F.3d 1083 (Fed.Cir.1995). In *Dock* plaintiff's conviction and sentence were set aside on appeal. Upon remand, however, plaintiff was convicted and resentenced, *inter alia,* to forfeiture of all pay and allowances. In analyzing the purpose of 10 U.S.C. § 875(a) upon plaintiff's subsequent claim for back pay, the Federal Circuit explicated:

The statute plainly requires that, with two exceptions, if a member's court-martial sentence is set aside or disapproved, all rights, privileges, and property are to be restored to the member. The first exception is that a set-aside or disapproved sentence does not undo an already executed dismissal or discharge. The second exception, controlling here, is that if a rehearing is ordered, and the member is resentenced, then only that part of the executed first sentence that is *not* included in the second sentence shall be restored to the member.

*Id.* at 1087. Applying the second exception, plaintiff in *Dock* was not entitled to restora-

tion of pay and allowances. Similarly in *Armstrong,* plaintiff's claim for back pay and allowances was dismissed for failure to state a claim, as the sentence imposed after a rehearing included the same forfeiture as provided for in the original sentence. *See Armstrong,* 121 F.3d at 669. The decisions in *Dock* and *Armstrong* support a grant of judgment in defendant's favor.

█ Even assuming that plaintiff could succeed in meeting the threshold requirements of the statute, *i.e.,* demonstrate that his conviction was reversed or set aside, he remains unable to prove his entitlement to restoration because the same forfeiture was reimposed by the action of the second convening authority. Although a soldier does not lose his right to pay and allowances until such time as the decision of a court-martial is approved, see *Dickenson v. United States,* 163 Ct.Cl. 512, 519–20, 1963 WL 8493 (1963); *Walsh v. United States,* 43 Ct.Cl. 225, 232, 1907 WL 842 (1908), Dock and *Armstrong* preclude plaintiff from recovery of any forfeited pay and/or allowances because his conviction was never set aside and the forfeiture was included in his subsequent sentence. Moreover, the convictions were overturned on appeal in *Dock* and *Armstrong,* in contrast with the present case. Because plaintiff's circumstances are far less compelling than those presented in either *Dock* or *Armstrong,* plaintiff has failed to demonstrate his entitlement to back pay.

█ With regard to plaintiff's contention that he was deprived of his right to due process because the review system was plagued by a fundamental unfairness, no evidence was offered in support. To the contrary, the submissions before the court demonstrate that plaintiff was afforded proper protections, including an additional opportunity to present clemency submissions for sentencing consideration. The findings of fact and sentence were properly reviewed. *See* 10 U.S.C. §§ 860, 864. Because plaintiff's conviction was reviewed by at least five judi-

---

**6.** As defendant has provided notice of its intention to move for summary judgment in the alternative to its motion to dismiss, plaintiff has had adequate time to respond, as evidenced by his submission of additional materials. Dismissal of plaintiff's claim pursuant to RCFC 12(b)(4) per-

mits the court to retain jurisdiction over defendant's counterclaim, *see* 28 U.S.C. §§ 1503, 2508 (1994); *Astro–Space Laboratories, Inc. v. United States,* 200 Ct.Cl. 282, 312–13, 470 F.2d 1003, 1020 (1972), which was not a subject of defendant's motion.

cial bodies, and he has failed to show that there was "a deprivation of fundamental fairness," plaintiff has not stated a claim for which relief may be granted. *Bowling v. United States,* 713 F.2d 1558, 1561 (Fed.Cir. 1983).

### CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

1. Defendant's motion to dismiss or, in the alternative, for summary judgment is granted.

2. Plaintiff's cross-motion for judgment on the pleadings is denied.

3. By September 30, 1998, defendant shall advise the court whether it intends to proceed on its counterclaim. If the notification is in the negative, the Clerk of the Court shall enter judgment for defendant on plaintiff's claims.