# In the United States Court of Federal Claims

No. 20-1054C

Filed: May 18, 2021

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| ERICK LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro se*; RCFC 12(b)(1); Subject-Matter |
| v. | ) | Jurisdiction; 12(b)(6); Failure To State A |
| | ) | Claim; 28 U.S.C. § 1495; 28 U.S.C. § |
| THE UNITED STATES, | ) | 2513; Unjust Conviction; 28 U.S.C. § |
| | ) | 1491(a); *In Forma Pauperis*. |
| Defendant. | ) | |
| | ) | |

*Erick Lawson*, Littlefield, TX, plaintiff *pro se*.

*Tanya B. Koenig*, Trial Attorney, *Eric P. Bruskin*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Jeffrey Bossert Clark*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I. INTRODUCTION

Plaintiff *pro se*, Erick Lawson, brings this action alleging that the State of Texas and certain unnamed federal officials have violated his civil rights due to his civil commitment related to a previous state criminal law conviction. *See generally* Compl. As relief, plaintiff seeks to recover $100 million in monetary damages from the United States. *Id.* at 11.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to

dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

Plaintiff, *pro se*, Erick Lawson, commenced this action on August 12, 2020. *See generally* Compl. Plaintiff has been civilly committed under Texas law since 2007, apparently as a result of a state criminal law conviction. *Id.* at ¶¶ 10-12; Def. Mot. at 2, 4.

In the complaint, plaintiff alleges that the State of Texas and certain unnamed federal officials have discriminated against him and violated his constitutional rights, because of his civil commitment and designation as a violent sex offender. Compl. at ¶¶ 11-12. Specifically, plaintiff alleges that he has been "subjected to unlawful discrimination that denies him exercise and enjoyment of his constitutional rights," because the Texas legislature labelled him "a Sexually Violent Predator—SVP as the consequence of his past criminal record." *Id.* at ¶ 11. Plaintiff also alleges that he has been denied the right to contract, travel, or enjoy normal interactions with society, due to his civil commitment. *Id.* at ¶ 12.

In addition, plaintiff contends that certain unnamed "federal operatives have and continue to perpetuate discrimination against him, based on his status as [a sexually violent predator]." *Id.* at ¶ 14. And so, plaintiff further contends that the defendants in this case have: (1) violated his rights under the Fourteenth Amendment to the United States Constitution; (2) engaged in negligent and wrongful conduct; (3) failed to exercise a duty of care; and (4) subjected him to "unlawful banishment." *Id*. at ¶¶ 17-22. As relief, plaintiff seeks to recover $25 million in "exemplary damages," $25 million in compensatory damages and $50 million in punitive damages from the government, as well as certain declaratory and injunctive relief. *Id.* at ¶¶ 24-27.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); the government's motion to dismiss ("Def. Mot.") and plaintiff's response and opposition thereto ("Pl. Resp."). Unless otherwise noted, the facts recited herein are undisputed.

### B.      Procedural History

Plaintiff filed the complaint and a motion to proceed *in forma pauperis* on August 12, 2020. *See generally id.*; Pl. Mot.  On October 16, 2020, the government filed a motion to dismiss this matter pursuant to RCFC 12(b)(1) and (b)(6).  *See generally* Def. Mot.

On December 29, 2020, plaintiff filed a response and opposition to the government's motion to dismiss.  *See generally* Pl. Resp.  On January 7, 2021, the government filed a reply in support of its motion to dismiss.  *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.      *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel.  And so, the Court applies the pleading requirements leniently.  *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).  When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).  But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  And so, the Court may excuse ambiguities, but not defects, in the complaint.  *Johnson v. United States*, 124 Fed. Cl. 655, 658 (2016) (citing *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015)); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded

*pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B. Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a

result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, it is well-established that the United States is the only proper defendant in cases brought in this Court. RCFC 10(a); *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis in original); *see also Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007). And so, "if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." *Pikulin*, 97 Fed. Cl. at 75 (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

This Court also does not possess jurisdiction over claims based upon the Fourteenth Amendment to the United States Constitution, because the Fourteenth Amendment does not mandate the payment of money damages. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). In addition, the Court may not consider civil rights claims, because Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act to the United States district courts. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also* 42 U.S.C. § 1981; *Cherbanaeff v. United States*, 77 Fed. Cl. 490, 502 (2007) ("Where Congress has granted exclusive jurisdiction in certain courts, these statutory provisions govern.").

It is also well-established that this Court does not possess jurisdiction to review tort claims. *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010); *see also* 28 U.S.C. § 1491(a)(1). The Court may, however, hear a claim for unjust conviction that is properly brought pursuant to 28 U.S.C. § 1495. *See, e.g.*, *Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010); *Tucker v. United States*, 142 Fed. Cl. 697, 716 n.4 (2019); *Abu-Shawish v. United States*, 120 Fed. Cl. 812,

813 (2015). But, a plaintiff bringing such a claim must satisfy the requirements of 28 U.S.C. § 2513, by showing, among other things, that: (1) the conviction at issue has been reversed or set aside upon the ground that he was not found guilty of the offense for which he was convicted; (2) he was found not guilty on a new trial or rehearing; or (3) he has been pardoned. 28 U.S.C. § 2513(a); *see also Castro*, 364 F. App'x at 620; *Brown v. United States*, 42 Fed. Cl. 139, 141-42 (1998). And so, to establish jurisdiction to bring an unjust conviction claim in this Court, a plaintiff "must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes." *Abu-Shawish*, 120 Fed. Cl. at 813; *see also* 28 U.S.C. § 2513(b).

### C. RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017) (citing *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 663-64 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV. LEGAL ANALYSIS

### A. The Court May Not Consider Plaintiff's Claims

The government has moved to dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), upon the grounds that: (1) the Court may not entertain plaintiff's claims against parties other than the United States; (2) plaintiff has not satisfied the requirements

for bringing an unjust conviction claim in this Court; (3) plaintiff may not rely upon 28 U.S.C. § 1332 to invoke the Court's jurisdiction; (4) this Court may not entertain plaintiff's tort claims; and (5) plaintiff's Fourteenth Amendment claim is jurisdictionally precluded.  Def. Mot. at 3-6. In addition, the government argues that dismissal of this matter is also warranted pursuant to RCFC 12(b)(6), because the complaint does not provide a basis for the Court to grant relief.  *Id.* at 6-7.  And so, the government requests that the Court dismiss this action.  *Id.* at 7.

Plaintiff counters in his response and opposition to the government's motion to dismiss that he brings this action solely against the United States and that he has plausibly alleged claims against the government.  Pl. Resp. at 7-9.  And so, plaintiff requests that the Court deny the government's motion to dismiss.  *Id.* at 10.  Plaintiff has also moved to proceed in this matter *in forma pauperis*.  *See generally* Pl. Mot.

For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.  Plaintiff has, however, satisfied the requirements for proceeding in this matter without the payment of the Court's filing fee.  And so, the Court:  (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*;  and (3) **DISMISSES** the complaint.

### 1. The Court May Not Consider Plaintiff's Claims Against Parties Other Than The United States

As an initial matter, the Court may not entertain plaintiff's claims against the State of Texas or the unnamed federal officials who allegedly discriminated against him.  In the complaint, plaintiff alleges that "unknown federal operatives have and continue to perpetuate discrimination against him."  Compl. at ¶ 14.  Plaintiff also alleges that he has been improperly held in "indefinite preventive detention" by the "Texas Government."  *Id.* at ¶ 10 (alleging that "[p]laintiff is suffering under invidious discrimination . . . while 'attained' by state law").  It is well-established that the only proper defendant for any matter before this Court is the United States.  *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003).  "[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court."  *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).  And so, to the extent that plaintiff asserts claims

against the State of Texas, or individual state and federal government officials, the Court must dismiss these claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2. The Court May Not Consider Plaintiff's Fourteenth Amendment Claim

The Court also may not entertain plaintiff's constitutional law claim based upon the Fourteenth Amendment. Plaintiff alleges in the complaint that the defendants in this case have engaged in invidious discrimination against him in violation of the Fourteenth Amendment. Compl. at ¶¶ 16-21. But, the United States Court of Appeals for the Federal Circuit has held that the Fourteenth Amendment does not provide a basis for establishing jurisdiction under the Tucker Act, because this constitutional law provision does not mandate the payment of money damages. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). And so, the Court must also dismiss plaintiff's constitutional law claim for lack of subject-matter jurisdiction.

### 3. The Court May Not Consider Plaintiff's Claims Sounding In Tort

Plaintiff's tort claims are also jurisdictionally precluded under the Tucker Act. 28 U.S.C. § 1491(a). In the complaint, plaintiff alleges that the defendants in this case have engaged in "negligent and wrongful conduct" and "failed to exercise a duty of care," in connection with his civil commitment. Compl. at ¶¶ 18-19. Plaintiff's claims sound in tort. *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) ("Plaintiff's claims for monetary damages, which arise out of [the government's] alleged negligent and wrongful conduct . . . are claims clearly sounding in tort.").

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.") (citation omitted). And so, the Court must dismiss plaintiff's tort claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 4. The Court May Not Consider Plaintiff's Unjust Conviction Claim

Lastly, to the extent that plaintiff seeks to assert an unjust conviction claim in this case, he has not satisfied the requirements for bringing such a claim in this Court. This Court may entertain a claim for unjust conviction provided that the plaintiff shows, among other things, that either: (1) the conviction at issue has been reversed or set aside upon the ground that he was not found guilty of the offense for which he was convicted; (2) he was found not guilty on a new trial or rehearing; or (3) he has been pardoned. 28 U.S.C. § 2513(a); *Brown v. United States*, 42 Fed. Cl. 139, 141-42 (1998). Plaintiff makes no such showing here. *See generally* Compl. And so, the Court must also dismiss plaintiff's unjust conviction claim for lack of subject-matter jurisdiction.[2] RCFC 12(b)(1).

### B. Plaintiff May Proceed *In Forma Pauperis*

As a final matter, the Court **GRANTS** plaintiff's motion to proceed in this matter without paying the Court's filing fee. Plaintiff has moved to proceed in this matter *in forma pauperis* upon the ground that he lacks the resources to pay the Court's filing fee. *See generally* Pl. Mot. This Court may authorize the commencement of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d). In this case, plaintiff submitted an application to proceed *in forma pauperis* indicating that he is currently unemployed. *See* Pl. Mot. at 1. And so, the Court concludes that plaintiff has satisfied the statutory requirements to proceed in this matter *in forma pauperis* for the purpose of resolving the government's motion to dismiss.

## V. CONCLUSION

In sum, when read in the light most favorable to plaintiff, the complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims in this case. Plaintiff has shown, however, that he is unable to pay the Court's filing fee. And so, for the foregoing reasons, the Court:

---

[2] Plaintiff's reliance upon 28 U.S.C. § 1332 to establish jurisdiction is also misplaced, because Section 1332 provides diversity jurisdiction for the United States district courts. 28 U.S.C. § 1332.

1. **GRANTS** the government's motion to dismiss;

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge