PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7358

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

THOMAS ANDREW MILLS, SR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:03-cr-00249-BR-1)

Argued: September 17, 2014            Decided: December 8, 2014

Before MOTZ and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by published opinion. Judge Motz wrote the majority opinion, in which Senior Judge Davis joined. Judge Floyd wrote a separate opinion dissenting in part and concurring in the judgment.

ARGUED: Benjamin Paul Fryer, MOORE & VAN ALLEN PLLC, Charlotte, North Carolina, for Appellant. Shailika K. Shah, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. ON BRIEF: Benjamin M. Pickett, MOORE & VAN ALLEN PLLC, Charlotte, North Carolina; Adam H. Charnes, Richard D. Dietz, KILPATRICK TOWNSEND & STOCKTON LLP, Winston-Salem, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North

Carolina, for Appellee.

_____

DIANA GRIBBON MOTZ, Circuit Judge:

Thomas Andrew Mills, Sr. petitioned the district court for a certificate of actual innocence after his felon-in-possession conviction was vacated. A court may grant such a certificate, a prerequisite for recovering from the Government compensation for wrongful incarceration, only in those rare cases in which it finds a previously convicted defendant to be truly innocent. The district court determined that this is not such a case and denied Mills's petition. We affirm.

I.

On January 22, 2003, Mills sold a rifle and a shotgun, both of which had been stolen, to the owner of a pawn shop in North Carolina. Mills had a lengthy criminal history, including seven prior North Carolina felony convictions for breaking and entering and one conviction for larceny. A federal jury in the Eastern District of North Carolina convicted Mills of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924 (2012). The district court sentenced Mills to 180 months' imprisonment.

Following our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Mills filed a 28 U.S.C. § 2241 motion for writ of habeas corpus. He argued that Simmons rendered his conviction for being a felon in possession in

violation of § 922(g)(1) improper. The Government did not oppose the motion. Accordingly, on October 4, 2012, the district court granted Mills's § 2241 motion and vacated his conviction in light of Simmons. The court ruled that his seven prior North Carolina convictions, although felonies under state law, did not constitute felonies for purposes of 18 U.S.C. § 922(g)(1) because Mills could not have been imprisoned for more than one year for any of them.

On January 31, 2013, Mills moved for a certificate of actual innocence under 28 U.S.C. § 2513 (2012). A person must obtain such a certificate before recovering damages from the Government for unjust imprisonment under 28 U.S.C. § 1495 (2012). The Government moved to dismiss Mills's motion for a certificate of innocence, contending that Mills had failed to prove two of the three required predicates for such a certificate. The district court denied Mills's motion. United States v. Mills, 2013 WL 3864304 (E.D.N.C. July 24, 2013). Mills then filed this appeal.


II.

Section 2513, the "unjust convictions and imprisonment statute," provides in pertinent part:

> (a) Any person suing under section 1495 of this title must allege and prove that:

4

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

The plain language of § 2513(a) thus requires a petitioner to both "allege and prove" three predicates. See United States v. Graham, 608 F.3d 164 (4th Cir. 2010). First, the petitioner must establish that the record of the court setting aside or reversing his conviction demonstrates that the court did so on the ground that he is not guilty of the offense for which he was convicted. Second, the petitioner must prove that he did not commit any of the acts charged, or that those acts or related acts constituted no crime against the United States, or any State, Territory or the District of Columbia. Third, the petitioner must demonstrate that he did not by misconduct or neglect cause or bring about his own prosecution.

Although § 2513 has been in effect for many years, we have had the opportunity to examine it only once before. In Graham, we recognized that "Congress clearly did not provide in the unjust conviction and imprisonment act an avenue for monetary

5

compensation to all whose criminal convictions are reversed after incarceration." Id. at 171. Rather, the provisions of § 2513 work in tandem to ensure that only a truly innocent petitioner is eligible for a certificate of innocence and subsequent compensation from the Government. As the Seventh Circuit recently noted,

> [m]any people believe that persons who spend time in prison without a valid conviction should be compensated. That is not, however, what § 1495 and § 2513 [the unjust conviction statutes] do. They compensate only persons who are actually innocent -- whether because they did not do what the indictment charged or because what they did is not a crime.

Pulungan v. United States, 722 F.3d 983, 985 (7th Cir. 2013).

A district court has "substantial discretion" when determining whether to grant or deny a certificate of innocence pursuant to 18 U.S.C. § 2513. Graham, 608 F.3d at 166. We affirm such a denial "unless the [district] court abused its discretion, or unless the findings underlying its decision were clearly erroneous." Id. at 172 (quoting Betts v. United States, 10 F.3d 1278, 1283 (7th Cir. 1993)) (internal quotation marks omitted).


III.

In this case, the district court recognized that Mills satisfied the first predicate but denied the certificate of innocence on the ground that Mills failed to carry his "rigorous

6

burden" with respect to the third predicate. <u>Mills</u>, 2013 WL 3864304 at *4. We may affirm, however, on the ground that Mills failed to establish any one of the three predicates. <u>See, e.g.</u>, <u>United States v. Moore</u>, 709 F.3d 287, 293 (4th Cir. 2013). Because we conclude that Mills did not satisfy the second § 2513 predicate, we do not reach the question of whether he also failed to satisfy the third.

The second predicate for a certificate of innocence mandates that a petitioner allege and prove that he "did not commit any of the acts charged <u>or</u> [that] his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia." 28 U.S.C. § 2513(a)(2) (emphasis added).[1] Thus, Mills can satisfy the second predicate only by proving either (a) he did not commit any of the acts charged or (b) those acts, or related acts, constituted no crime against the United States, or any State, Territory or the District of Columbia.

---

[1] Although the Government seems to suggest the contrary, <u>see</u> Appellee's Br. 14-17, as Mills contends and the district court held, these two parts of the second predicate are disjunctive. <u>See, e.g.</u>, <u>United States v. Keegan</u>, 71 F. Supp. 623, 638 (S.D.N.Y. 1947) (holding after a thorough analysis of the relevant legislative history that <u>Hadley v. United States</u>, 66 F. Supp. 140 (Ct. Cl. 1946), erred in placing a conjunctive "and" between the two elements).

7

The district court expressly found that Mills had not proved (b) because "[w]hile in hindsight defendant's acts do not constitute the federal offense of felon in possession of a firearm . . . they did constitute an offense against the state of North Carolina." Mills, 2013 WL 3864304, at *3. Mills does not argue to the contrary -- and for good reason. The record unquestionably demonstrates that on January 22, 2003, Mills, who had multiple convictions for state felonies, nevertheless possessed two firearms. This possession violated North Carolina law barring those previously convicted of state felonies from possessing firearms. See N.C. Gen. Stat. § 14-415.1(a). Thus Mills cannot prove that the acts he committed on January 22, 2003 "constituted no offense against . . . any State," as required by the second part of the second predicate of § 2513(a)(2).

The district court, however, did not resolve the question of whether Mills established the first part of that predicate -- that he "did not commit any of the acts charged." Id. The court noted that "[t]o be sure, on 22 January 2003, defendant possessed both of the subject firearms, as charged," but the court believed it was unclear whether the change in law worked by Simmons "now means he did not commit the acts charged." Mills, 2013 WL 3864304, at *3.

8

The first part of the second § 2513 predicate plainly requires a petitioner to prove that he did not commit "any of the acts charged." This means that when an indictment charges more than one act, if a petitioner commits any of the acts charged, he is not eligible for a certificate of innocence. With this understanding of the statute in mind, we turn to Mills's case.

IV.

Here, Mills concedes that he violated North Carolina law. The only question that remains is whether Mills committed "any of the acts charged." Mills's own concession demonstrates that he undoubtedly possessed firearms on January 22, 2003, and thus committed at least one of the "acts charged."

Mills maintains, to the contrary, that he has proved he did not commit "any of the acts charged." Appellant's Br. 19. According to Mills, he thus "readily satisfie[s]" the first part of the second predicate. This argument rests on Mills's view that the only act the Government charged here was possession of a firearm while having been previously convicted of a crime punishable by more than one year in prison. In other words, Mills contends that the only way he could have committed "any of the acts charged" is if he satisfied all of the elements of § 922(g)(1).

9

This reading of the statute is clearly incorrect. Section 922(g) does not, as Mills would have it, criminalize the act of possessing-a-firearm-while-being-a-felon. Rather, it renders the possessory act a criminal one, and then applies the statute only to a limited subset of people -- convicted felons. That, in light of Simmons, Mills is no longer part of the class to whom the statute applies, does not mean that he did not commit the possessory act. It simply means the act was not a federal crime. The Supreme Court, in Old Chief v. United States, 519 U.S. 172 (1997), expressly endorsed this construction of § 922(g). There, the Court held that a defendant's "felony-convict status" is "an element entirely outside the natural sequence of what the defendant is charged with thinking or doing" in a § 922(g)(1) prosecution. Id. at 191.

Moreover, Mills's approach would render § 2513(a)(2) internally inconsistent. Like the defendant in Osborn v. United States, Mills improperly treats the "alleged criminal acts as indistinguishable from the statutory provisions [here, § 922(g)(1)] under which he was charged." 322 F.2d 835, 841 (5th Cir. 1963). By failing to recognize that federal statutes have distinct, and separable elements, Mills collapses into a single requirement the two separate requirements of the second predicate of § 2513(a)(2). Under such an approach, every reversal of a federal conviction would necessitate the

10

conclusion not only that the defendant's acts did not violate federal law but also that he did not commit "any of the acts charged" for purposes of § 2513(a)(2).[2]

But the very reason these two parts of § 2513(a)(2) are disjunctive is because they impose different requirements. The first requires that the petitioner prove he did not commit the acts charged. If the petitioner is able to prove this, there is no need to move to the second requirement. If the petitioner cannot satisfy the first requirement, then he must satisfy the second, which requires him to prove that his acts did not violate federal or state law. As the Fifth Circuit explained, "[i]f he did not commit the act charged it would be immaterial whether the act was unlawful, and conversely, if the act was not criminal it should make no difference whether he had done it." Osborn, 322 F.2d at 841. It must be, then, that the "acts

---

[2] For example, when the Government indicts a defendant for malicious burning of military property in violation of 18 U.S.C. § 81 (2012), the indictment must allege all of the elements of the crime. But in Mills's view, all of these elements would constitute only a single "act[] charged" for purposes of § 2513. Thus reversal of a defendant's § 81 conviction solely because the building he burned was later found not to be on military soil would necessarily prove, according to Mills, that the defendant did not commit "any of the acts charged." In addition to being absurd, this would render the first part of the second § 2513 predicate redundant.

11

charged" and "the offense against the United States" pose distinct inquiries.[3]

Mills poses a hypothetical that he contends supports his claim that he satisfies the second § 2513 predicate. In the hypothetical, a court reverses the conviction of a defendant charged with murder, finding him not guilty because new evidence establishes that the killing was in self-defense. Reply Br. 3. There, the defendant committed the "acts charged" by killing another person, but the acts were not "an offense against the United States, or any State, Territory, or the District of Columbia." § 2513(a)(2). Accordingly, although the hypothetical defendant would not have satisfied the first part of the second predicate (he did commit any of the "acts charged"), he would have satisfied the second part (the acts

_____

[3] The Seventh Circuit recently said as much in a case involving a vacated conviction for attempt to export a "defense article" without a license in violation of 22 U.S.C. § 2778 (2012). Pulungan v. United States, 722 F.3d 983 (7th Cir. 2013). Pulungan was acquitted because the Government presented no evidence from which a jury could find that the item was a "defense article." But when the district court later granted Pulungan a certificate of innocence, the Seventh Circuit reversed. The court had no trouble concluding that Pulungan had not satisfied the first part of the second predicate, i.e. he had not proved that he did not commit "any of the acts charged." See id. at 985. Remand was necessary to determine whether Pulungan could satisfy the second part of the second predicate -- whether he could prove that his acts did not constitute a crime. Unlike Pulungan, Mills concedes (and the district court held) that the acts he committed did constitute a crime (violation of North Carolina law). Remand is therefore unnecessary here.

12

were not crimes). Thus, the hypothetical defendant would have satisfied his burden under the second § 2513 predicate. But Mills's contention that he, like the hypothetical defendant, satisfies this burden fails.

Rather, in the same way that the act of "killing" can be separated from "with malice aforethought" in the hypothetical, the act of "possession of a firearm" in this case can be separated from "having been previously convicted of a felony." Mens rea and felon status are, to be sure, not exact analogues, but both constitute requirements for certain crimes that can be separated from the "acts charged."[4]

The only plausible reading of § 2513 is that possessing a firearm is an "act charged" against Mills. The district court found and the record supports the finding that Mills possessed two firearms. Mills, 2013 WL 3864304 at *3. Mills does not challenge this finding. Thus Mills did not, and cannot, prove that he "did not commit any of the acts charged," and so cannot satisfy the first part of the second predicate of § 2513(a)(2). Because he concedes that he also did not prove the alternative second part of that predicate, he is not entitled to a certificate of innocence.

---

[4] Mills's hypothetical also demonstrates that Mills himself recognizes that the two parts of the second § 2513 predicate do not collapse into each other, but instead set forth different requirements.

13

V.

Before concluding, we offer a few words about our friend's concurrence/dissent. First, notwithstanding his suggestion to the contrary, we of course agree that the text of the statute controls here. That text requires the result we have reached here.[5]

Despite his emphasis on the text, our colleague spends a good deal of time plumbing the legislative history. Unquestionably, that history, like the plain language of the statute, establishes that the two parts of the second predicate are disjunctive. Here, Mills conceded that he could not satisfy the second part of the second predicate, and that is why our holding that he cannot satisfy the first part of the second predicate dooms his claim. If a petitioner (unlike Mills but like the "wholly innocent" postal worker described by the dissent), could satisfy the second part of the second predicate by demonstrating that the acts he committed did not constitute a crime, his failure to satisfy the first part because he

_____

[5] The text is clear: "acts charged," though components of "crimes charged," are not themselves crimes. Nor do we read all elements of a charged crime to be "acts charged," as the dissent suggests. Some elements denote a status, not an act. Although the dissent dismisses Old Chief, the Court there made exactly this point. See Old Chief, 519 U.S. at 191-92 (describing the distinction between "the element of felony-convict status" and a § 922(g) defendant's "thoughts and actions in perpetrating the offense for which he is being tried" (emphasis added)).

14

committed any one of the acts charged would not hinder him from obtaining a certificate of innocence.

Surprisingly, in spite of its focus on legislative history, the dissent offers a construction of the statute at odds with that history. When amending the bill to make the two parts of the second predicate disjunctive, Congress carefully broadened the showing required to establish each part. Thus while the first part originally required a petitioner to show that he was innocent "of the crime he was charged," it now requires a showing that he "did not commit any of the acts charged." H.R. Rep. No. 75-2299 at 2 (1938) (emphasis added). This shift fatally undercuts the dissent's suggestion that "acts charged" simply refers to crimes identified in the indictment -- a suggestion that rests on language that never became law. Similarly, while the second part of the second predicate originally required a petitioner to prove he was "not guilty of any other offense against the United States," it now requires proof that any of the "acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory, or the District of Columbia."[6]

---

[6] Congress's decision to eliminate the word "other" from the second part of the second predicate further indicates that it intended that part to include "any of the acts charged." This intention is clear from the plain meaning of the text; that is, "acts charged" must be acts connected to "such charge." See (Continued)

15

<u>Id.</u>  These changes did make the statute more "definite and specific," but not necessarily more generous to a petitioner.

Nor does our holding render either of the two parts of the second predicate superfluous.  Some petitioners will be able to satisfy only the first part of the second predicate; some will satisfy only the second part of that predicate; some will satisfy both; and some, like Mills, will satisfy neither.  The existence of the last group does not make the first part of the second predicate redundant or unnecessary.  Rather, that provision, like every other part of § 2513, helps to identify the persons to whom Congress did not wish to grant a certificate of innocence -- persons, that is, who are not actually innocent.

Indeed, § 2513 can be given full effect only if a court does not overlook <u>any</u> of its provisions.  Thus, the dissent's hypothetical rapist-burglar -- charged and convicted only of rape, exonerated later by DNA, but guilty of burglary -- would not be able to obtain a certificate of innocence.  Although he could satisfy the second predicate, since he did not commit any of the acts charged, he could not satisfy the third predicate, because the burglary would surely constitute "misconduct or neglect."  This hypothetical, like the others offered by our

H.R. Rep. No. 75-2299 at 2 ("In other words, the claimant must be innocent of the particular charge and of any other crime or offense that any of his acts might constitute.").

16

friend, does not alter our holding that the plain meaning of § 2513 reserves a certificate of innocence for the truly innocent.

## VI.

In conclusion, we note that the second § 2513 predicate is designed to deny a certificate of actual innocence to petitioners precisely like Mills. In many cases, a defendant will have committed acts that constitute both a federal crime and a state crime. Often, only one crime will be charged -- usually the federal crime, which frequently yields a higher sentence. The decision to prosecute the federal crime rather than the state crime does not demonstrate or imply that the defendant is innocent of the state crime. Nor does the subsequent determination that the defendant is innocent of the federal crime imply that he is innocent of the state crime. These propositions lie at the heart of the second predicate. Together with the first and third, the second predicate serves to "separate from the group of persons whose convictions have been reversed, those few who are in fact innocent of any offense whatever." Betts, 10 F.3d at 1284 (quoting S. Rep. No. 75-202 (1937)).

Congress, in enacting the unjust conviction act and § 2513, did not intend to "open[] wide the door through which the

17

treasury may be assailed by persons erroneously convicted." Graham, 608 F.3d at 171 (citing United States v. Brunner, 200 F.2d 276, 280 (6th Cir. 1952)).  See also id. at 172 (noting that because § 2513 serves as the basis for a claim against the Government, it should be strictly construed rather than extended to cases not plainly within its terms).  The second predicate plainly excludes Mills from the purview of § 2513; Congress adjudged that he is not "truly innocent," United States v. Racing Servs., Inc., 580 F.3d 710, 712 (8th Cir. 2009), and we cannot displace that assessment.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

18

FLOYD, Circuit Judge, dissenting in part and concurring in the result:

I agree that the district court did not abuse its discretion in denying Mills a certificate of innocence. Unlike the majority, however, I would hold that Mills failed to satisfy only the third predicate of 28 U.S.C. § 2513. Specifically, I disagree with the majority's assertion that the second predicate permits only "truly innocent" plaintiffs to recover. Although this construction has appeal as a matter of policy, it is not supported by the statute's plain language. Accordingly, I respectfully dissent.

I.

A.

To bring an action under 28 U.S.C. § 1495 for damages following a wrongful conviction, Mills must "allege and prove" each of three statutory predicates. First, he must show that a court has "reversed or set aside" his conviction "on the ground that he is not guilty of the offense of which he was convicted." 28 U.S.C. § 2513(a). Second, he must demonstrate either that he "did not commit any of the acts charged" ("Predicate 2(a)") or that "his acts, deeds, or omissions in connection with such charge constituted no offense against the United States or any State, Territory, or the District of Columbia" ("Predicate

19

2(b)"). Id. And third, he must show that he "did not by misconduct or neglect cause or bring about his own prosecution." Id.

The majority finds that Mills failed to satisfy Predicate 2(a), i.e. the "any of the acts charged" predicate.[1] According to the majority's construction, Mills must show that he did not commit any of the elements of each crime charged—even if some elements, standing alone, are inherently innocent and noncriminal. Ante at 9-10.[2] This construction is unsupported by both legislative history and the plain text of the statute.

B.

The majority makes much of the fact that Congress intended "to ensure that only a truly innocent petitioner is eligible

---

[1] Mills concedes that he cannot satisfy Predicate 2(b) because "his acts . . . in connection with such charge" constituted the uncharged North Carolina offense of possessing a firearm while a convicted felon. See N.C. Gen. Stat. § 14-415.1(a). Thus, he may only receive a certificate of innocence if he can satisfy Predicate 2(a) by showing that he committed none of the "acts charged."

[2] Although the majority notes that not every element of every offense will be an "act charged" for purposes of § 2513, the opinion fails to provide guidance to district courts tasked with making this determination. In the absence of controlling precedent, a district judge has near-unfettered discretion to decide which elements will be deemed "acts" that the petitioner must prove he or she did not commit. This construction will therefore have the effect of interpreting "any of the acts charged" to mean "any of the elements of any of the acts charged."

20

for" relief. <u>Ante</u> at 6 (emphasis added). As the legislative history reveals, however, Congress drafted the final statute in a way that makes it impossible to limit relief to the "truly innocent."

In the text of the bill first introduced and passed by the Senate in 1937, the petitioner was required to show that he was innocent "of the crime with which he was charged <u>and</u> not guilty of any other offense against the United States." See H.R. Rep. No. 75-2299 at 2 (1938) (emphasis added). This provision was included in order "to cover cases where the indictment may fail on the original count, but claimant may yet be guilty of another" uncharged offense. Edwin M. Borchard, <u>State Indemnity for Errors of Criminal Justice</u>, S. Doc. No. 62-974, at 31 (1912).

Had the Senate bill been enacted, Mills could not have satisfied this statutory predicate—although his federal conviction was overturned, his conduct was concededly an offense against the state of North Carolina. But the Senate version was not enacted. Out of concern that the Senate language was "not definite and specific enough," the House Judiciary Committee replaced it with the language under which Mills now seeks relief. H.R. Rep. No. 75-2299 at 2. The law, as enacted, replaces the Senate's "and" with the present disjunctive "or." While the Senate bill would have limited relief only to those

21

"in fact innocent of any offense whatever," <u>Betts v. United States</u>, 10 F.3d 1278, 1284 (7th Cir. 1993), the statute as enacted does not impose such a limit. Instead, § 2513 provides relief to petitioners who are innocent of the crime charged but nevertheless responsible for other, uncharged crimes—that is, to people who are not, in fact, innocent of any offense whatever.

C.

The majority, in attempting to shoehorn the statute into its narrow conception of actual innocence, "inserts an Alice-in-Wonderland analysis into what should be a straightforward question of statutory construction." <u>United States v. Kerr</u>, 737 F.3d 33, 40 (4th Cir. 2013) (Davis, J., dissenting). When statutory "language is plain, a court's 'sole function . . . is to enforce it according to its terms.'" <u>United States v. Spinks</u>, 770 F.3d 285, 289 n.3 (4th Cir. 2014) (quoting <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526, 534 (2004)). In construing Predicate 2(a), the majority disregards the statute's plain language and instead reads "acts" to mean "elements." To satisfy the predicate, Mills need only prove that he "did not commit any of the <u>acts</u> charged"—not that he did not commit any of the <u>elements</u> of those acts.

We have already construed "any of the acts charged" to mean acts rather than elements. In <u>United States v. Graham</u>, my

22

colleague in the majority found that the second statutory predicate "requires a petitioner to prove that he did not commit the charged criminal acts or that they do not constitute a crime." 608 F.3d 164, 176 (4th Cir. 2010) (Motz, J.) (emphasis added). In addition to being wholly unsupported by usage and precedent, the majority's novel statement that "'acts charged' . . . are not themselves crimes" is irreconcilable with the construction we adopted in Graham. See ante at 14 n.5.

The words "act" and "element" refer to two different concepts in criminal law. An element is a constituent part of a crime that the prosecution must prove beyond a reasonable doubt in order to sustain a conviction. Black's Law Dictionary 634 (10th ed. 2014); see also United States v. Hayes, 55 U.S. 415, 422 & n.4 (2009) (noting that conceptually distinct attributes of a crime, e.g. the action taken by the defendant and his or her relationship to the victim, cannot constitute one element). A criminal act, however, is "[a]n unlawful act that subjects the actor to prosecution under criminal law," more commonly known as a crime. Black's Law Dictionary 30 (10th ed. 2014); see also id. at 451 (defining crime as "an act that the law makes punishable").

Because criminal acts often consist of more than one element, the majority's construction will lead to an absurd

result in this and other cases.[3]  For example, to convict a defendant under 18 U.S.C. § 1709, which prohibits the theft of mail by a postal employee, the government must prove three elements beyond a reasonable doubt: (1) that the defendant deliberately took an item that had been mailed; (2) that the defendant knew that he or she had no authority to take the item; and (3) that the defendant was a United States Postal Service employee when he or she took the item.  United States v. Stewart, 127 F.3d 1101 at *1 (4th Cir. 1997) (per curiam) (unpublished table decision).  A hypothetical postal worker found to have been wrongfully convicted under § 1709 could show that he did not commit the criminal act of stealing mail.  He could never show, however, that he was "innocent" of one of § 1709's elements: being an employee of the U.S. Postal Service.

---

[3] When a crime has multiple elements, it is quite often because it is the confluence of those elements that creates societal harm.  Such crimes typically require proof of at least one element that, standing alone, would be wholly innocent. See, e.g., 18 U.S.C. § 47 (conviction for impermissibly hunting certain wild horses or burros requires proof that defendant used an aircraft or motor vehicle);  18 U.S.C. § 873 (conviction for blackmail requires proof that defendant threatened to report a criminal violation); 18 U.S.C. § 1621 (conviction for perjury requires proof that defendant took an oath); 18 U.S.C. § 1921 (conviction for receiving federal employees' compensation after marriage requires proof that defendant married); 18 U.S.C. § 2191 (conviction for cruelty to seamen requires proof that defendant was the master or officer of a vessel of the United States). Under the majority's reading, a person wrongfully convicted of any of these crimes would be unable to satisfy Predicate 2(a).

Therefore, under the majority's construction of "any of acts charged," the wholly innocent postal worker would be unable to satisfy Predicate 2(a) simply because he is a postal worker. Congress surely did not intend this result.

The House Report also supports reading the word "acts" to mean "acts." According to the Report, the "any of the acts charged" prong refers to the particular crime(s) for which the petitioner was wrongfully convicted, while the "[no] crime or offense" prong refers to other, uncharged criminal conduct arising from the same acts for which the petitioner was wrongfully convicted. H.R. Rep. No. 75-2299 at 2. This interpretation is consistent with the plain meaning of the statutory text, and ensures that each prong imposes a different and independently sufficient requirement.

The majority's construction, on the other hand, collapses the two prongs by effectively swapping the word "or" for "and."[4]

---

[4] The majority's construction would still permit relief for someone who cannot satisfy the "[no] crime or offense" prong because he or she committed a wholly different but uncharged crime. For example, a man whose conviction for rape during an uncharged burglary was overturned on the basis of DNA evidence would not be able to satisfy the "[no] crime or offense" prong because of the burglary, but would be able to satisfy the "any of the acts charged" prong because he did not commit any of the elements of rape. This result is at odds with the majority's view that § 2513 "ensure[s] that only a truly innocent petitioner is eligible for a certificate of innocence," but is nevertheless required by the disjunctively written statute. <u>Ante</u> at 6.

See ante at 15 n.6 (positing that Congress intended the "[no] crime or offense" prong to include the "any of the acts charged" prong). By way of example, consider a person whose conviction under 18 U.S.C. § 81 for malicious burning of military property is overturned because the building he burned was not on military soil. The hypothetical defendant will not be able to satisfy Predicate 2(b) (the "[no] other crime or offense" prong) because his conduct constitutes state-law arson. Under the majority's construction, he also will not be able to satisfy Predicate 2(a) (the "any of the acts charged" prong) because the conduct constituting the uncharged state crime (i.e. burning) is necessarily an element of the originally charged federal offense. This construction renders Predicate 2(a) superfluous and not independently sufficient, and is therefore impermissible. See Corley v. United States, 556 U.S. 303, 314 (2009) ("[O]ne of the most basic interpretive canons . . . [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous or void or insignificant . . . ." (internal quotation marks omitted)).

The majority's construction also runs afoul of our "duty to give effect, if possible, to every clause and word of a statute." United States v. Menasche, 348 U.S. 528, 538–39 (1955). Predicate 2(b) requires a petitioner to show that his

26

or her "acts, deeds, or omissions" did not constitute a crime in any jurisdiction.  28 U.S.C. § 2513(a)(2).  By reading "acts" to mean "actions," the majority renders the word "deeds" redundant and unnecessary.  Construing "acts" to mean "criminal acts"—that is, understanding "acts" contextually as a term of art—is a better reading because it gives effect to each word of the statute.

I would therefore hold that the second statutory predicate of § 2513 is satisfied when a petitioner alleges and proves either (a) that he or she did not commit any of the criminal acts charged in the original indictment, or (b) that his or her conduct arising from the same transaction or occurrence as the charged conduct does not constitute an additional, uncharged state or federal crime.

D.

Mills has satisfied the second predicate of § 2513.  He was charged in a one-count indictment with being a felon in possession of a firearm.  His conviction was vacated because, under the rule we announced in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), at the time of his arrest Mills had not been convicted of a crime punishable for a term

27

exceeding one year within the meaning of 18 U.S.C. § 922(g)(1).[5] He did not commit the act of possessing a firearm while a felon—the only crime charged—and the government does not argue to the contrary. Congress did not intend to deny relief to a person actually innocent of possessing a firearm while a felon just because he committed the constitutionally protected act of possessing a firearm.[6] Cf. District of Columbia v. Heller, 554 U.S. 570, 592 (2008). I would therefore hold that Mills

---

[5] This is distinguishable from the case in Osborn v. United States, in which the petitioner's conviction was reversed solely because the military court-martial that had convicted him was without jurisdiction. 322 F.2d 835, 840 (5th Cir. 1963). There, the court found that because the military indictment charged the petitioner with murder and he was unable to prove that he did not commit the murder, he failed to satisfy the "any of the acts charged" prong. Id. at 842. Here, on the other hand, Mills has shown that he did not commit the only act charged in the indictment: possessing a firearm while a felon.

[6] The majority's view that § 922(g) criminalizes the mere possession of a firearm "and then applies the statute only to a limited subset of people" is fundamentally inconsistent with Heller and unsupported by United States v. Old Chief, 519 U.S. 172 (1997). There, the Supreme Court held only that for purposes of Federal Rule of Evidence 403 balancing, the specific nature of the prior offense of conviction is more prejudicial than probative when a defendant is willing to stipulate to a prior felony conviction within the meaning of § 922(g). 519 U.S. at 185-86. That a defendant's "felony-convict status" lacks narrative force is entirely irrelevant to the question of what criminal act is proscribed by § 922(g). A person, such as Mills, who has never been convicted of a crime punishable for a term exceeding one year is factually and legally incapable of committing the criminal act of being a felon in possession of a firearm.

28

satisfied the "any of the acts charged" prong of the second predicate of § 2513.

## II.

The third predicate of § 2513 requires Mills to show that "he did not by misconduct or neglect cause or bring about his own prosecution."  28 U.S.C. § 2513(a)(2).  Because the majority found that Mills failed to prove the second statutory predicate, it did not reach this predicate.  I would hold that Mills's prosecution arose from his own neglect and that he therefore cannot satisfy the third predicate.[7]

"[T]he background presumption must be that 'every citizen knows the law.'"  United States v. Fuller, 162 F.3d 256, 262 (4th Cir. 1998) (quoting Bryan v. United States, 524 U.S. 184, 193 (1998)).  Thus, when he pawned the two firearms, Mills knew or should have known that under the prevailing interpretation of § 922(g) he was violating federal law.  Even if Mills genuinely believed that our pre-Simmons interpretation of § 922(g) was

---

[7] I would not hold, however, that Mills's possession of firearms constitutes "misconduct" that brought about his prosecution.  We held in United States v. Graham that to act as a bar to relief, "misconduct" must constitute a "reasonable basis for Government officers to prosecute."  608 F.3d at 173. It is manifestly unreasonable to prosecute someone who has never been convicted of a crime punishable for a term exceeding one year under Section 922(g). Therefore, Mills's possession of a firearm was not misconduct within the meaning of § 2513(a)(2).

incorrect, he is charged with the knowledge that his interpretation of the statute was at odds with governing Circuit law. A reasonable person wishing to avoid arrest and prosecution will comply with the law as interpreted by the courts, even if he believes that interpretation to be error.

Mills acted with neglect in possessing the two firearms, and this neglect brought about his prosecution. He therefore cannot satisfy the third predicate of § 2513.

III.

For the above reasons, I agree that the district court did not abuse its discretion in declining to grant Mills a certificate of innocence. In reaching this result, however, the majority has interpreted the "any of the acts charged" prong of § 2513's second predicate in a manner that is unsupported by the statutory text. I therefore respectfully dissent from Parts III, IV, V, and VI but concur in the result.